IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:18-CR-21-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ALVIN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for return of seized finances, (DE 50), and to appoint counsel, (DE 60, 62). The motion for return of seized finances was fully briefed, and the government did not respond to the motions to appoint counsel. In this posture, the issues raised are ripe for decision.

**BACKGROUND**

On November 13, 2018, defendant pleaded guilty pursuant to a written plea agreement to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(C). On May 21, 2019, the court sentenced defendant to 128 months' imprisonment and 3 years' supervised release. Defendant noticed appeal of the court's judgment and sentence, and the appeal remains pending.

During the course of defendant's February 2017 arrest, a Pasquotank County deputy sheriff seized $4,259.00 in United States currency. The currency has not been returned to defendant and is currently in possession of the Pasquotank County Sheriff's Department. On August 15, 2019, defendant filed the instant motion seeking return of the currency seized during his arrest. Defendant contends that the Pasquotank County deputy sheriff that arrested him was serving in his capacity as a federal agent when he seized the currency at issue, and thus the government has

maintained constructive or actual possession of the property since his arrest. Defendant argues that the currency was not used as evidence against him during his prosecution, that it has not been subject to a civil forfeiture action, and thus it should be returned to him. The government, by contrast, argues that the arresting officer was not acting as a federal agent when he seized the currency, and the government therefore never took possession of the currency.

On November 12, 2019, the court directed the parties to submit additional briefing on certain factual disputes about the status of the currency, and also requested the parties' positions on whether the court has jurisdiction to resolve defendant's motion. The parties timely filed their supplemental briefing.

On December 4 and December 23, 2019, defendant filed motions seeking appointment of counsel. Defendant requests appointment of counsel to assist him with preparing and filing a motion to vacate, set aside, or correct his sentence.

### DISCUSSION

A.     Motion for Return of Seized Finances

Federal Rule Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." A post-conviction motion for return of seized property, however, "is a civil action for purposes of the filing fee provision of the Prison[] Litigation Reform Act (PLRA) of 1995." See United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). Accordingly, defendant's motion for return of seized finances must be filed as an independent civil action.

Based on the foregoing, the court will deny the instant motion for return of seized finances without prejudice to defendant pursuing this claim as a civil action in this court. If defendant consents, the court can convert the instant motion for return of seized finances into a civil

proceeding. Defendant can express his consent to such conversion by completing the court's form civil rights complaint[1] and returning it to the court at the same address used for his prior correspondence. The court notifies plaintiff that the filing fee for a civil action is $350.00. Although defendant may seek leave to proceed in forma pauperis, the Prison Litigation Reform Act requires incarcerated persons to pay the entire filing fee, collected as follows: the prisoner immediately owes an initial partial filing fee, equal to 20 percent of the greater of 1) the average monthly deposits to the prisoner's trust fund account or 2) the account's average monthly balance for the six-month period immediately preceding the filing of the complaint. The remainder will be collected in monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's trust fund account. See 28 U.S.C. § 1915(b)(1) and (2). The filing fee will be collected regardless of whether defendant ultimately prevails in the civil litigation. In the event defendant consents to conversion of this motion into a civil action,[2] the court will open a new civil case and inform defendant of the new case number for future filings. Defendant should not file additional motions in his criminal case concerning the seized finances.

B.    Motions to Appoint Counsel

Defendant also moves for appointment of counsel for a forthcoming motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant's motions are premature because his direct appeal remains pending, resolution of which may obviate the need for a § 2255 motion.[3] See Walker v. Connor, 72 F. App'x 3 (4th Cir. 2003). Accordingly, the court will deny

---

[1]     The complaint should briefly summarize plaintiff's claim that the government and state authorities have wrongfully retained the currency, and allege sufficient facts to establish the government has actual or constructive possession of the property.

[2]     The government represents the arresting officer was not acting in his capacity as a federal agent when he confiscated the currency, and therefore defendant's request for return of seized property should be resolved in state court. Without commenting on whether the government's legal argument is correct, the court observes that North Carolina law provides that defendant may apply to the relevant district attorney's office for release of seized property, and seek state court intervention if such application is denied, pursuant to N.C. Gen. Stat. § 15-11.1.

[3]     Notably, the United States Court of Appeals for the Fourth Circuit recently placed defendant's appeal in

defendant's motions to appoint counsel without prejudice to defendant moving for appointment of counsel after his direct appeal has concluded.

The court notifies defendant that a § 2255 motion generally must be filed within one year of the conclusion of his direct appeal, regardless of whether the court appoints counsel to assist him. See 28 U.S.C. § 2255(f). Additionally, there is no constitutional or statutory right to appointed counsel in post-conviction proceedings pursuant to § 2255. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Appointment of counsel may be authorized if the "court determines that the interests of justice so require . . . for any financially eligible person who . . . is seeking relief under [§ 2255]. 18 U.S.C. § 3006A(2).

## CONCLUSION

Based on the foregoing, the court DENIES WITHOUT PREJUDICE defendant's motions for return of seized finances, (DE 50), and to appoint counsel, (DE 60, 62). In the event defendant consents to conversion of the instant motion for return of seized finances into a federal civil action, defendant is DIRECTED to return his civil complaint on the form prescribed for use by this court within **21 days** of entry of this order. The clerk is DIRECTED to send defendant the prisoner civil rights package. The government is DIRECTED to notify the relevant state authorities about the pendency of this litigation concerning the subject currency.

SO ORDERED, this the 22nd day of January, 2020.

                                                LOUISE W. FLANAGAN
                                                United States District Judge

---

abeyance pending resolution of state court proceedings that may affect his status as a career offender. See United States v. Johnson, No. 19-4398 (4th Cir. Jan. 9, 2020; January 13, 2020).